UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 24-cv-02257-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

　　　Plaintiff Edward C. ("Plaintiff") has filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the Commissioner's final decision denying his application for social security disability insurance benefits. (*See* ECF No. 1.) Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 3.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion.

I.　　**LEGAL STANDARD**

　　　All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite

a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness[,] and certainty." *Escobedo*, 787 F.3d at 1234 (internal quotation marks and citation omitted).

## II. DISCUSSION

Here, Plaintiff has not paid the $405[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 3.) Plaintiff attests to the following under penalty of perjury in his affidavit of assets: Plaintiff and his wife own a

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *CASD Fee Schedules*, https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20SCHEDULE.pdf) (imposing a $55 administrative fee for a civil action, suit, or proceeding).

condo worth approximately $613,000 and a car worth approximately $3,000 to $4000. (*Id.* at 2.) They live with their two minor children. (*Id.*) Plaintiff has no wages and does not have any cash in a checking or savings account. (*Id.* at 1–2.) However, Plaintiff receives food stamps for his household in the amount of $813 per month and CalWorks cash for his household in the amount of $1,412 per month. (*Id.* at 1.) Plaintiff's wife works 25 to 30 hours per week and makes minimum wage. (*Id.*) Therefore, assuming Plaintiff's wife makes at least $1,500 per month, the family's monthly income is approximately $3,725. (*Id.*)

Plaintiff lists his monthly expenses as follows: $1,285 per month in mortgage; $175 per month to San Diego Gas & Electric for trash and water; $813 in food; and $106 in car insurance. (*Id.* at 2.) Plaintiff does not explicitly indicate who pays the monthly expenses, but frequently refers to "we." (*Id.*) Plaintiff's listed monthly expenses total $2,379. Plaintiff does not have any other debts or financial obligations. (*Id.*)

Based on the foregoing, it appears that Plaintiff's monthly income exceeds his monthly expenses by approximately $1,346. Given this calculation, the Court finds that Plaintiff would be able to pay the filing fee and still afford the necessities of life. *See Lovci v. Kijakazi*, No. 23-cv-1109-WQH-BGS, 2023 WL 5020612, at *2 (S.D. Cal. July 17, 2023) (denying without prejudice plaintiff's motion to proceed IFP where plaintiff had gross monthly income of $0 and her spouse had a gross monthly income of $2,947.20, plaintiff and her spouse owned a home valued at $560,000 and three cars, and plaintiff did not state that she did not have access to those assets). The IFP Motion is therefore denied.

However, Plaintiff's IFP Motion does not include sufficient information about whether Plaintiff's wife's income is available to him (*i.e.*, they share household income and expenses). The Ninth Circuit has held that whether spousal income may be considered in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *See Escobedo*, 787 F.3d at 1236. As such, the Court finds it appropriate to deny Plaintiff's IFP Motion without prejudice.

///

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's IFP Motion (ECF No. 3) is **DENIED without prejudice**. On or before **January 10, 2025**, Plaintiff must either (1) file a renewed motion for leave to proceed *in forma pauperis* or (2) pay the requisite filing fee, otherwise his case may be dismissed.

**IT IS SO ORDERED.**

Dated: December 9, 2024

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge